O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-6295 AHM (CWx) | Date | April 5, 2010 |
|---|---|---|---|
| Title | HAYDEE STUART  v. CADBURY ADAMS USA, LLC et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:          Attorneys **NOT** Present for Defendants:

**Proceedings:**          IN CHAMBERS (No Proceedings Held)


On September 2, 2009 Plaintiff Haydee Stuart ("Plaintiff") filed a First Amended Complaint ("FAC") against Cadbury Adams USA LLC ("Cadbury" or "Defendant") alleging the following claims for relief: (1) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq*.; (2) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 *et seq*.; (3) violation of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq*.; and (4) fraud.

On February 3, 2010, the Court granted Defendant's Motion to Dismiss the FAC. The Court found that Plaintiff's theory of deception and harm, which was based on her position that "whitening," as understood by consumers, refers only to "intrinsic" whitening and not to "extrinsic" whitening, "def[ies] common sense and [is] contradicted by the actual advertising claims made by Cadbury."  February 3, 2010 Order at 6.

On February 16, 2010, Plaintiff filed her Second Amended Complaint ("SAC"), alleging the same four causes of action against Cadbury that she alleged in the FAC. Cadbury now moves to dismiss the SAC for failure to state a claim, and to strike the expert report that Plaintiff submitted as an exhibit to the SAC.  For the reasons set forth

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6295 AHM (CWx) | Date | April 5, 2010 |
|---|---|---|---|
| Title | HAYDEE STUART  v. CADBURY ADAMS USA, LLC et al. | | |

below, the Court GRANTS both motions.[1]

## I.    LEGAL STANDARD ON A 12(b)(6) MOTION TO DISMISS

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, the allegations of the complaint must be accepted as true and are to be construed in the light most favorable to the nonmoving party.  *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint.  Thus, if the complaint states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory, the complaint should not be dismissed.  *Haddock v. Bd. of Dental Examiners*, 777 F.2d 462, 464 (9th Cir. 1985).

Federal Rule of Civil Procedure 8(a)(2) requires

> only "a short and plain statement of the claim showing that the
> pleader is entitled to relief," in order to "give the defendant fair
> notice of what the . . . claim is and the grounds upon which it
> rests[.]" . . .  While a complaint attacked by a Rule 12(b)(6)
> motion to dismiss does not need detailed factual allegations . . .,
> a plaintiff's obligation to provide the "grounds" of his
> "entitle[ment] to relief" requires more than labels and
> conclusions, and a formulaic recitation of the elements of a
> cause of action will not do . . . .  Factual allegations must be
> enough to raise a right to relief above the speculative level . . . .

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

"Two working principles underlie . . . *Twombly*."  *Ashcroft v. Iqbal* __ U.S. __, 129 S. Ct. 1937, 1949 (2009).  "First, the tenet that a court must accept as true all allegations

---

[1] Docket Nos. 38 and 39.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-6295 AHM (CWx) | Date | April 5, 2010 |
|---|---|---|---|
| Title | HAYDEE STUART  v. CADBURY ADAMS USA, LLC et al. | | |

contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1949-50.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . .  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* at 1949.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. . . .  However, material which is properly submitted as part of the complaint may be considered" on a motion to dismiss.  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss without converting the motion to dismiss into a motion for summary judgment.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).  If the documents are not physically attached to the complaint, they may be considered if their "authenticity . . . is not contested" and "the plaintiff's complaint necessarily relies" on them.  *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998).  Furthermore, under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record."  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007).  "The district court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading."  5C Wright & Miller, *Fed. Prac. & Pro.* § 1363 (3d ed. 2004).

The plausibility standard articulated in *Twombly* and *Iqbal* requires that a complaint plead facts demonstrating "more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotation marks and citation

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-6295 AHM (CWx) | Date | April 5, 2010 |
|---|---|---|---|
| Title | HAYDEE STUART  v. CADBURY ADAMS USA, LLC et al. | | |

omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Iqbal*, 129 S.Ct. at 1950 (internal citation, alteration, and quotation marks omitted); *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009)("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the pleader to relief.") (citing *Iqbal*, 129 S.Ct. at 1949).

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

## II.   DISCUSSION

The elements and gist of the statutes mentioned in the SAC—*i.e.*, the UCL, FAL, and CLRA—were set forth in the Court's February 3, 2010 Order and are incorporated herein by reference.

### A.   Plaintiff's Theory of how Cadbury's Representations Deceive Consumers

The main theory of deception that Plaintiff articulates in the SAC is nearly identical to that which she articulated in the FAC.  These allegations are summarized in the Court's Order granting the motion to dismiss the FAC.  (*See* Docket No. 30.)  As in the FAC, Plaintiff's theory of deception and harm in the SAC centers around her contention that "extrinsic stain removal" and "whitening" are two different things.  (SAC ¶¶ 5-11; 15-23; 49-54.)  Thus, Plaintiff alleges, Cadbury's advertising is false and

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6295 AHM (CWx) | Date | April 5, 2010 |
|---|---|---|---|
| Title | HAYDEE STUART  v. CADBURY ADAMS USA, LLC et al. | | |

misleading because Trident White merely removes stains and does not "whiten" teeth as understood by Plaintiff and reasonable consumers (*i.e.*, it does not "intrinsically" whiten teeth). (*Id.* ¶ 8.)  In support of her theory, Plaintiff attaches to the SAC two new exhibits: (1) Exhibit 6, which is an expert report that purports to show that reasonable consumers believe that "teeth whitening" and "stain removal" are two separate concepts, and (2) Exhibit 7, which is a summary of a market research survey conducted by Cadbury in 2004, which, Plaintiff claims, found that consumers differentiate the terms "whitening" and "stain removal."

Second, Plaintiff alleges in the SAC that Cadbury's failure to disclose that its product only whitens teeth "in conjunction with an oral hygiene program" renders its packaging and other advertising false and misleading.  (SAC ¶ 9.)  This was not alleged in the FAC.

### B.    Accepting Plaintiff's Allegations as True, Plaintiff Fails to State any Cognizable UCL, FAL, or CLRA Claim.

1.    <u>Cadbury does not claim that its Trident White product "intrinsically" whitens teeth, and Plaintiff cannot state a claim based on her theory that "extrinsic stain removal" is different from "tooth whitening.</u>

The Court previously rejected Plaintiff's claim that consumers are deceived by Cadbury's representation that its Trident White product "whitens teeth" because it removes stains.  The Court found that these "allegations of consumer deception defy common sense and are contradicted by the actual advertising claims made by Cadbury." (Feb. 3, 2010 Order at 6.)  The Court noted that Plaintiff herself had acknowledged that there are many causes of tooth discoloration, and held: "Given that the removal of stains will necessarily cause a surface to look whiter, Cadbury's representations that Trident

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-6295 AHM (CWx) | Date | April 5, 2010 |
|---|---|---|---|
| Title | HAYDEE STUART  v. CADBURY ADAMS USA, LLC et al. | | |

White does both is not misleading." (*Id.*)  Additionally, the Court found that Cadbury's marketing claims made clear that Trident White makes teeth whiter *by* reducing stains. (*Id.*)  Plaintiff's claims in the SAC again fail for the same reason the Court articulated in its order dismissing the FAC:

> [E]ven accepting all of Plaintiff's allegations as true, she has not stated a claim that a reasonable consumer would be deceived or misled by Cadbury's representation that Trident White is clinically shown to "whiten teeth."  Common sense, as well as the Trident White advertising itself, precludes Plaintiff from proceeding on the basis of the implausible (*see Iqbal*, supra) notion that a reasonable consumer would conclude that Trident White's 'whitening' claims refer only to "intrinsic" whitening.

Plaintiff's inclusion of an expert report in the SAC does not save her case.  For starters, the expert report is not a "written instrument" that can be incorporated into a pleading.  Rule 10(c) of the Federal Rules of Civil Procedure provides in pertinent part: "A copy of any written instrument which is an exhibit to a pleading is a part hereof for all purposes."  A "written instrument" within the meaning of Rule 10(c) "is a document evidencing legal rights or duties or giving formal expression to a legal act or agreement, such as a deed, will, bond, lease, insurance policy or security agreement." *Murphy v. Cadillac Rubber & Plastics, Inc.*, 946 F. Supp. 1108, 1115 (W.D.N.Y.1996) (citing Black's Law Dictionary 801, 1612 (6th ed. 1990)).  The expert report of Dr. Michael A. Kamins, which was generated for the purposes of this litigation, does not fall within this definition.  *See DeMarco v. Depotech Corp.*, 149 F. Supp. 2d 1212, 1219-20 (S.D. Cal. 2001) (finding that the affidavit of an expert providing testimony regarding (1) "the medical community and FDA's interpretation and evaluation" of clinical data and (2) the materiality of the defendants' alleged misrepresentations was not a written instrument

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6295 AHM (CWx) | Date | April 5, 2010 |
|---|---|---|---|
| Title | HAYDEE STUART  v. CADBURY ADAMS USA, LLC et al. | | |

within the meaning of Rule 10(c) and therefore did not form part of the pleading).[2]

Second, and more significantly, even if the Court were to accept as true the contents of the report, Plaintiff's claim would still fail. The report shows that the majority of subjects in Dr. Kamins's study believed that "stain removal" and "teeth whitening" are two different concepts. (*See* Exh. 6 at p. 56.) This does not necessarily contradict or call into question Cadbury's claim that teeth appear whiter (and hence are "whitened") when stains are lifted. Simply because some consumers understand "whitening" to mean "intrinsic whitening" does not render Cadbury's claims misleading. When the Court dismissed the FAC, it accepted all of Plaintiff's allegations as true, including her allegation that she believed teeth whitening to be the "remediation of intrinsic tooth discoloration, not simply removing daily food and beverage staining." Dr. Kamins's report merely reflects what Plaintiff previously alleged.

Plaintiff also attaches to the SAC results of a consumer research study conducted by Cadbury which, Plaintiff claims, shows that consumers believe "whitening" and "stain removal" to be separate concepts. (SAC ¶ 18; Exh. 7 at p. 12.) This exhibit, however, does not show what Plaintiff claims it shows. It states that panelists (from a market research survey) "described teeth that are not fully white (or as white as desirable) as either 'stained' or 'yellow.'" (*Id.*) Nowhere does it state that panelists believed"whitening" and "stain removal" were two distinct concepts, or that the former could not be promoted (or achieved) by the latter. To the contrary, it states that panelists' "own descriptions of off-white teeth led immediately to the notion of 'stains.'" (*Id.*)

---

[2] Moreover, the report's reliability is questionable, since it does not identify the contents of the Trident White advertisements that the subjects were purportedly shown. The report does identify the advertisements as "either a pdf showing a photograph of the packaging of Trident 'White' or Trident 'Original.'" But it does not describe what the packaging says, provide an example of what was shown, what year the packaging was from, etc.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6295 AHM (CWx) | Date | April 5, 2010 |
|---|---|---|---|
| Title | HAYDEE STUART  v. CADBURY ADAMS USA, LLC et al. | | |

Finally, to the extent that Plaintiff is articulating a theory of harm based on the allegation that Cadbury "does not have any competent and reliable scientific evidence to support the claims about Trident White made in Cadbury's advertising," (SAC ¶ 80), the Court previously rejected this argument. *See* February 3, 2010 Order at 7 fn. 1.

> 2.   <u>Cadbury's failure to disclose that its Trident White product should be used "in conjunction with an oral hygiene program" is not false or misleading</u>.

Plaintiff's final (and sole new) theory is that the Trident White packaging is false and misleading because it does not state that the gum only removes stains when used "in conjunction with an oral hygiene program." Plaintiff relies for this theory on two exhibits: (1) a study that Plaintiff alleges Cadbury relied on for its marketing claims, which found that chewing gum removes stains when used in conjunction with a separate oral hygiene program (SAC Exh. 8), and (2) a customer service log, which shows that one consumer in Wisconsin and one in New York was told that Trident White gum should be used "with a [sic] oral hygiene program" (*Id*. Exh. 5 at 4).

Plaintiff cannot state a claim based on this theory. Cadbury has never represented that its Trident White product should be used exclusively and *instead of* brushing. Plaintiff's claim that Cadbury misrepresented how the gum works by failing to instruct her to use it in conjunction with an oral hygiene program does not pass the figurative "smell test" that the Court described in its order dismissing the FAC. This Court is not prepared to extend the *Iqbal* test to allow for the outlandish claim that gum chewers would not be aware of the importance of oral hygiene unless it were spelled out in the gum manufacturers' marketing materials.

Moreover, Plaintiff's theory is undermined by the fact that Cadbury's advertising specifically informs consumers that "Clinical studies have shown that chewing two pieces of Trident White gum four times a day for four weeks can result in stain reduction *when*

---

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-6295 AHM (CWx) | Date | April 5, 2010 |
|---|---|---|---|
| Title | HAYDEE STUART  v. CADBURY ADAMS USA, LLC et al. | | |

*used in combination with your daily oral care regimen.*"  (SAC Exh. 1 at 1).  Although this information is posted on Cadbury's website, and not on the Trident packaging itself, the packaging states: "See how it works at www.tridentgum.com." (SAC Exh. 3.)  At the very least, this contradicts Plaintiff's allegation that Cadbury knowingly and falsely misrepresented the gum to have tooth whitening properties that it did not in fact have.

Because Plaintiff cannot prevail under Rule 8 pleading standards, it is not necessary to determine whether her fraud claims meet Rule 9(b)'s heightened pleading requirements.

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss. Dismissal is with prejudice, because not only does the Court find that amendment would be futile, but also because Plaintiff has repeatedly failed to cure the deficiencies in her complaints.  *Abagnin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) ("Leave to amend may also be denied for repeated failure to cure deficiencies by previous amendment.") (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).   Plaintiff has now filed three "substantially similar complaints alleging substantially similar theories," and it does not appear that Plaintiff has "a reasonable chance of successfully stating a claim if given another opportunity."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1053 (9th Cir. 2003).

|  | : |
|---|---|
| Initials of Preparer | SMO |

**JS-6**