O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6295 AHM (CWx) | Date | April 27, 2010 |
|---|---|---|---|
| Title | HAYDEE STUART  v. CADBURY ADAMS USA, LLC et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:   Attorneys **NOT** Present for Defendants:

**Proceedings:**           IN CHAMBERS (No Proceedings Held)

On September 2, 2009 Plaintiff Haydee Stuart ("Plaintiff") filed a First Amended Complaint against Cadbury Adams USA LLC ("Defendant"). On February 3, 2010, the Court granted Defendant's Motion to Dismiss the First Amended Complaint, granting Plaintiff leave to amend with the "following proviso: if any amended complaint fails to pass the figurative 'smell test'— *i.e.*, it reeks of silly, hair-splitting contortions that clearly make the claim implausible under *Iqbal*—the Court will entertain a Rule 11 motion."

After Plaintiff filed a Second Amended Complaint ("SAC"), Defendant filed this Motion for Sanctions Under Fed. R. Civ. P. 11 based on (1) Plaintiff's and her counsel's filing of that complaint, and (2) their "knowingly false allegation" in the SAC that "Adams Study # 912-0019" is the clinical study relied upon by Defendant to support its whitening claim. Thereafter, the Court granted Defendant's motion to dismiss the SAC with prejudice.

Notwithstanding the Court's statement in its February 3, 2010 order dismissing the FAC, the Court DENIES Defendant's motion for sanctions.[1]

---

[1] Docket No. 45.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6295 AHM (CWx) | Date | April 27, 2010 |
|---|---|---|---|
| Title | HAYDEE STUART  v. CADBURY ADAMS USA, LLC et al. | | |

      To start with, the Court merely agreed to entertain such a motion, not necessarily to grant it.  Moreover, the standard for imposing sanctions is exacting.  Courts conduct a two-part inquiry in determining whether sanctions under Rule 11 are warranted: "(1) whether the complaint is legally or factually "baseless" from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it."  *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1128 (9th Cir. 2002) (quoting *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997)).  Rule 11 requires attorneys to "perform adequate legal research that confirms whether the theoretical underpinnings of the complaint are 'warranted by existing law or a good faith argument for an extension, modification or reversal of existing law.'"  *Id.* (quoting *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1537 (9th Cir.1986)).

      While this Court found that Plaintiff's theory of harm under the UCL was without factual or legal merit, Defendant has not shown that Plaintiff's conduct violated Rule 11.  *See Linear Technology Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 134-35 (2007) ("Whether a practice is deceptive, fraudulent, or unfair is generally a question of fact which requires consideration and weighing of evidence from both sides and which usually cannot be made on demurrer.").  That this Court did eventually dismiss Plaintiff's claim at the pleading stage does not render Plaintiff's claims baseless *ab initio*; rather, it reflects this Court's conclusion that Plaintiff's theory of harm failed to state a claim under *Iqbal*.

      No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

|  | : |  |
|---|---|---|
| Initials of Preparer | | SMO |